UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 09-401** |
| **SAMANTHA T. CORNELIUS** | **SECTION: "G"** |

### ORDER AND REASONS

Before the Court are a Motion to Appoint Counsel[1] and a Motion for Review of Restitution Payments[2] filed by Defendant Samantha T. Cornelius ("Cornelius"). The government opposes the motions.[3] For the reasons discussed in more detail below, Cornelius has failed to offer any facts, legal authority, or evidence to support her claim that the government is collecting more restitution than allowed by law under the Treasury Offset Program ("TOP"). Additionally, Cornelius has not demonstrated that the interests of justice require the appointment of counsel at this time. Accordingly, having considered the motions, the memoranda in support and in opposition, the record, and the applicable law, the Court denies both motions.

### I. Background

On February 3, 2010, Cornelius appeared before the Honorable Helen G. Berrigan and pled guilty to Counts 1 and 2 of the Bill of Information charging her with a conspiracy to commit theft of funds from a federally funded program and substantive count of theft of funds from a federally

---

[1] Rec. Doc. 113.

[2] Rec. Doc. 114.

[3] Rec. Doc. 120.

funded program.[4] According to the factual basis, Cornelius was employed with the House of Ruth, as a case manager.[5] The House of Ruth provided rental assistance to homeless individuals through grant funding by the Department of Housing and Urban Development ("HUD").[6] As a case manager, Cornelius would interview eligible clients for participation in the rental assistance program and award rental assistance payable to the landlord.[7] However, Cornelius and co-conspirators deposited funds from the grant program into their personal bank accounts.[8] The checks were cashed as third-party checks and bore the signature of either a real or fictitious House of Ruth landlord which was forged by Cornelius.[9] Cornelius was responsible for intentionally stealing a total of $109,702.00 from the House of Ruth.[10]

On January 30, 2013, Cornelius was sentenced to a term of five years of probation and ordered to pay $109,139.50 in restitution to HUD, joint and several with two co-defendants.[11] Thereafter, the case was randomly reallotted to the Honorable Martin L.C. Feldman.[12]

On September 20, 2023, Cornelius filed the instant Motion to Appoint Counsel and Motion for Review of Restitution Payments.[13] The case was then randomly reallotted to the undersigned

---

[4] Rec. Doc. 15.

[5] Rec. Doc. 18 at 3.

[6] *Id.* at 1–2.

[7] *Id.* at 3.

[8] *Id.* at 4–5.

[9] *Id.* at 4.

[10] *Id.* at 5.

[11] Rec. Doc. 83.

[12] Rec. Doc. 104.

[13] Rec. Docs. 113, 114.

Chief United States District Judge.[14] On November 17, 2023, the government filed an opposition to the motions.[15]

## II. Parties' Arguments

### A. Cornelius's Arguments in Support of the Motions

Cornelius requests that the Court review restitution payments that are automatically being withheld from her Social Security benefits, and lower the amount being withheld.[16] Cornelius asserts that more than 15% of her Social Security benefits are being withheld.[17] She states that she only receives $750 a month in Social Security benefits, after $135 is withheld for restitution payments and fees.[18] She contends that she cannot afford to pay that amount.[19]

Cornelius also requests that an attorney be appointed to represent her concerning the reduction of restitution payments.[20]

### B. The Government's Arguments in Opposition

The government submits that the restitution obligation should not be reduced.[21] To date Cornelius has paid $9,693.56 in restitution and currently owes $82,710.94.[22] The government asserts that Cornelius's restitution is being collected by the TOP, because she became delinquent

---

[14] Rec. Doc. 115.

[15] Rec. Doc. 120.

[16] Rec. Doc. 114 at 1.

[17] *Id.*

[18] *Id.* at 3.

[19] *Id.* at 2–3.

[20] Rec. Doc. 113 at 2.

[21] Rec. Doc. 120.

[22] *Id.* at 2.

with her restitution payments.[23] The government points out that Cornelius has offered no proof that more than 15% of her Social Security benefits are being withheld.[24] The government points out that the last restitution payment received from TOP was in October 2023 for $116.92 plus an $18.08 fee.[25]

### III. Law and Analysis

**A.    *Motion to Review of Restitution Payments***

The Mandatory Victim Restitution Act ("MVRA") sets forth enforcement procedures for the collection of restitution. A criminal restitution order may be enforced in accordance with the practice and procedures for the enforcement of a civil judgment under federal or state law.[26]

Pursuant to 31 U.S.C. § 3716, the Treasury Offset Program ("TOP") offsets all funds payable by the United States to an individual who owes delinquent federal debts, unless the payment is exempted from offset by statute or regulation.[27] Before referring a debt to the Treasury Department for offset, the Department of Justice must provide the debtor with: (1) written notice of the type and amount of the debt, the intention to collect through administrative offset, and an explanation of the debtor's rights; (2) an opportunity to inspect and copy records relevant to the debt claim; (3) an opportunity for agency review of the claim; and (4) an opportunity to negotiate an agreement to repay the amount owed.[28] Cornelius does not argue that the government failed to

---

[23] *Id.*

[24] *Id.* at 4.

[25] *Id.*

[26] 18 U.S.C. § 3613(a) and (f).

[27] 31 U.S.C. § 3716; 31 U.S.C. § 3701(a)(1).

[28] 31 U.S.C. § 3716.

comply with these requirements.

31 C.F.R. § 285.4(e)(1) provides that the amount of offset from a monthly Social Security benefit payment shall be the lessor of:

(i) the amount of the debt, including any interest, penalties and administrative costs;
(ii) an amount equal to 15% of the monthly covered benefit payment; or
(iii) the amount if any, by which the monthly covered benefit payment exceeds $750.

As of November 2023, Cornelius owes $82,710.94 in restitution.[29] Cornelius asserts that she collects $750 a month in Social Security benefits, after $135 is withheld for restitution payments and fees.[30] The government has provided a transaction history from TOP, which shows that from January 2023 through October 2023 restitution in the amount of $116.92 was withheld monthly plus a $18.08 fee, for a total of $135.[31] If Cornelius is receiving $750 a month after the restitution and fees are withheld, as her motion suggests, it does not appear that the TOP offset exceeds 15% of her total monthly benefits.[32] Cornelius has not shown that the government exceeded its statutory authority to collect the delinquent federal debt she owes.

**B.   Motion to Appoint Counsel**

The Supreme Court has recognized that the Sixth Amendment right to appointment of counsel does not extend to prisoners collaterally attacking their convictions.[33] However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a court to appoint counsel on behalf of a financially eligible person

---

[29] Rec. Doc. 120-1.

[30] Rec. Doc. 114 at 2–3. Cornelius does not offer any proof of the amount of benefits she receives. For purposes of this motion, the Court accepts these figures as true.

[31] Rec. Doc. 120-2.

[32] The government states that Cornelius sent the U.S. Attorney's Office a letter in November 2023 suggesting that her total benefits are $900. Rec. Doc. 120 at 3. $900 × .15 = $135.

[33] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

who is seeking post-conviction relief "[w]henever . . . the court determines that the interests of justice so require." Cornelius has not demonstrated that the interests of justice require the appointment of counsel at this time.

### IV. Conclusion

Cornelius has failed to offer any facts, legal authority, or evidence to support her claim that the government is collecting more restitution than required by law under the Treasury Offset Program. Additionally, Cornelius has not demonstrated that the interests of justice require the appointment of counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Samantha T. Cornelius's Motion to Appoint Counsel[34] and Motion for Review of Restitution Payments[35] are **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __3rd__ day of January, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[34] Rec. Doc. 113.

[35] Rec. Doc. 114.